UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON LLOYD HOUSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO CO. SHERIFF'S DEPT., et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-2085 WBS DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county inmate proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and finds plaintiff fails to state any cognizable claims for relief. Plaintiff will be given an opportunity to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
2  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
4  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
5  1915(b)(2).

**SCREENING**

**I. Legal Standards for Civil Rights Complaints**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

  **A. Allegations of the Complaint**

Plaintiff is incarcerated at the Sacramento County Jail ("Jail"). He challenges conduct that occurred in March 2020 when he was held in custody, apparently at either the Jail or at the Rio Consumnes Correctional Center. Plaintiff names the following defendants: (1) Sacramento County Sheriff's Department; (2) Mercy San Juan Hospital; (3) Sacramento County Health Services; and (4) Sacramento County.

Plaintiff alleges that on March 8, 2020, he was kidnapped and attacked in a private home by three people. When the Sheriff's deputies arrived, they told him he was not making any sense. Plaintiff was then arrested and charged with burglary under California Penal Code § 459. After three days in custody, the charges were dropped and plaintiff was released.

In his first claim, plaintiff alleges that the burglary charge was the result of discrimination based on plaintiff's race and class. He further alleges that the Sheriff's Department failed to protect him upon his release.

////

In his remaining claims, plaintiff alleges defendants failed to provide him with medical care. He contends that he was initially taken to Mercy Hospital for his injuries. Testing revealed, among other things, swelling of his brain and fractures in his face. However, the hospital failed to provide him any medical treatment. He further contends that the Sheriff's Department provided no medical care during the three days he was in custody.

Plaintiff seeks compensatory and punitive damages.

### B. Does Plaintiff State Cognizable Claims?

Plaintiff fails to state any claims for relief cognizable under 42 U.S.C. § 1983 for a number of reasons.

#### 1. Improper Defendant

First, plaintiff may not bring a claim against Mercy San Juan Hospital in this action. Plaintiff may only bring claims under § 1983 against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This court will recommend that Mercy San Juan Hospital be dismissed.

#### 2. Liability of Public Entities

Plaintiff fails to show just what each defendant did that violated his constitutional rights. Each of the remaining defendants is a public entity. Under §1983 a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell, 436 U.S. at 691. Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane Cty., 594 F.3d 707, 713 (9th Cir. 2010).

Further, to state a claim, "'[i]t is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with deliberate indifference'" to his constitutional rights. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016) (quoting City of Canton v. Harris, 489 U.S. 378, 392 (1989)). The deliberate indifference standard is satisfied where a plaintiff alleges facts available to the municipality's policymakers that "'put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of

the constitutional rights of their citizens.'" Id. (quoting Monell, 436 U.S. at 396 (emphasis omitted)).

Here, plaintiff has not linked any alleged violation of his rights to a policy or practice attributable to the County, Sheriff's Department, or County Health Services. Nor has plaintiff provided any facts to support that these defendants knew of, and blatantly ignored, the alleged violations committed by its employees. Therefore, plaintiff has failed to state cognizable claims against these defendants.

### 3. Legal Standards for Each Claim

Finally, even if plaintiff identified defendants who were directly responsible for the constitutional violations he alleges, plaintiff fails to meet the legal standards for each claim.

#### a. Discrimination Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008). An Equal Protection claim may also exist where a policy that is neutral on its face has a disproportionate, or "disparate," impact on an identifiable group. Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977).

Plaintiff contends he was discriminated against based on his race. Race is a protected class. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state an equal protection claim on that basis, plaintiff must allege facts showing that he is a member of that protected class and that a defendant intentionally treated non-class members who were in a similar situation differently.

Plaintiff also contends he was discriminated against based on his social status. Social status is not a protected class. See Harris v. McRae, 448 U.S. 297, 323 (1980) ("[T]his Court has

1  held repeatedly that poverty, standing alone, is not a suspect classification" under the Equal

2  Protection Clause.).  Therefore, to the extent plaintiff wishes to state a claim that he was

3  discriminated against on that basis, he must show that a defendant intentionally treated him

4  differently than others with no rational relationship to a legitimate state purpose.  See Village of

5  Willowbrook, et al. v. Olech, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful

6  equal protection claims brought by a class of one, where the plaintiff alleges that she has been

7  intentionally treated differently from others similarly situated and that there is no rational basis

8  for the difference in treatment." (internal quotation marks omitted)).

### b. Failure to Protect

To state a claim that defendants failed to protect him in violation of the constitution, plaintiff must first show that they had a duty to do so after he was released.  However, case law shows that it is unlikely defendants had any duty to protect plaintiff after he was released from custody.  Cf. Youngberg v. Romeo, 457 U.S. 307, 317 (1982) ("When a person is institutionalized - and wholly dependent on the State[,] ... a duty to provide certain services and care does exist.").  The Fourteenth Amendment's Due Process Clause generally does not confer any affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests.  Patel v. Kent Sch. Dist., 648 F.3d 965, 971 (9th Cir. 2011) (citing DeShaney v. Winnebago Cty. Dept. of Soc. Serv., 489 U.S. 189, 196 (1989)).  "'As a corollary, the Fourteenth Amendment typically 'does not impose a duty on [the state] to protect individuals from third parties.'" Id. (quoting Morgan v. Gonzales, 495 F.3d 1084, 1093 (9th Cir. 2007)).

### c. Right to Medical Care

As a pretrial detainee during the relevant time period, plaintiff's claims concerning his medical care arise under the Fourteenth Amendment's Due Process Clause.  See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  The Ninth Circuit has held that "the proper standard of review" for claims of inadequate medical care for pretrial detainees is "objective indifference." Gordon v. Cty. of Orange, 888 F.3d 1118, 1120, 1124–25 (9th Cir. 2018) (extending the "objective deliberate indifference standard" articulated in Castro to inadequate medical care); see also Horton v. City of Santa Maria, 915 F.3d 592, 602 (9th Cir. 2019) (noting that Gordon "recognized

1    that Castro's objective deliberate indifference standard extends to Fourteenth Amendment claims
2    by pretrial detainees for violations of the right to adequate medical care").

3    　　　Accordingly, if plaintiff wishes to state a claim against a defendant for denial of medical
4    care while he was a pretrial detainee, plaintiff must allege that the defendant: (1) "made an
5    intentional decision with respect to the conditions under which the plaintiff was confined;" (2) the
6    "conditions put the plaintiff at substantial risk of suffering serious harm;" (3) the "defendant did
7    not take reasonable available measures to abate that risk, even though a reasonable official in the
8    circumstances would have appreciated the high degree of risk involved - making the
9    consequences of the defendant's conduct obvious;" and (4) "by not taking such measures, the
10   defendant caused the plaintiff's injuries."  Gordon, 888 F.3d at 1125.

11   **CONCLUSION**

12   　　　Above, this court finds plaintiff fails to state any claims for relief under 42 U.S.C. § 1983.
13   Plaintiff will be given an opportunity to amend the complaint.

14   　　　In an amended complaint, plaintiff must address the problems with his complaint that are
15   explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each
16   defendant and the action that defendant took that violated plaintiff's constitutional rights.  The
17   court is not required to review exhibits to determine what plaintiff's charging allegations are as to
18   each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the
19   complaint.  The charging allegations must be set forth in the amended complaint so defendants
20   have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every
21   detailed fact in support of the claims.  Rather, plaintiff should provide a short, plain statement of
22   each claim.  See Fed. R. Civ. P. 8(a).

23   　　　Any amended complaint must show the federal court has jurisdiction, the action is brought
24   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must
25   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
26   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
27   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
28   of a constitutional right if he does an act, participates in another's act or omits to perform an act

he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

////

4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Further, IT IS RECOMMENDED that defendant Mercy San Juan Hospital be dismissed from this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 9, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/hous2085.scrn LTA